JOHN P. GLYNN v. TYPHOON FAN COMPANY, Appellant

---

(November 16, 1925, Opinion and Decree)
(November 3, 1925, Rehearing Refused)

---

*(Syllabus by the Editor.)*

1. Louisiana Digest—Appeal—Par. 625.

The finding of the trial court on matters of fact will not be disturbed unless clearly erroneous.

Appeal from the Civil District Court,

Parish of Orleans, Division "D", Hon. Porter Parker, Judge.

This is a suit for an account between an employer and employee. There was a reconventional demand. The judgment of the Court below took no cognizance of the reconventional demand. Defendant appealed.

Judgment amended and affirmed recognizing the reconventional demand.

Warren V. Miller, P. E. Edrington, Jr., of New Orleans, attorneys for plaintiff, appellee.

Eugene Stafford, of New Orleans, attorney for defendant, appellant.

BELL, J. The action in this case is, in effect, a suit for accounting between employer and employee. Plaintiff sues the defendant corporation, an absentee, for $1,937.22, claimed as commissions, etc., due him under a written contract of employment dated January 10, 1921, reading as follows:

"January 10, 1921.
"Your compensation for services rendered during the year 1921, will be as follows:

"We will pay you $1000.00 for expenses, and in addition will pay you one (1%) per cent of all money collected during the year 1921 on contracts closed during the years 1920 and 1921, in the New Orleans territory, including that territory being worked by Paul E. Elder and Jesse L. Elder.

"We will also pay you 5% of all money collected on contracts closed in New Orleans branch territory proper, including the States of Louisiana, Mississippi and that part of Alabama not included in working agreement of Paul E. Elder as well as any contracts closed by New Orleans Branch in the State of Arkansas and the Republic of Cuba and Mexico.

"It is understood and agreed that you are to be permitted to draw $300.00 per month against your earnings as an advance against your earnings.

"It is further understood and agreed that you will devote your entire time to the business and interests of the Typhoon Fan Company and shall at all times exercise due diligence and energy in promoting the interests of the Company.

"Typhoon Fan Company,
"Ernest Glantzberg,
President.
"Accepted:
"John P. Glynn."

Before hearing testimony in this matter, the trial court, evidently concluding from the pleadings and documents in the record that this suit required investigation of long and intricate accounts, appointed, *ex proprio motu*, an expert accountant. After due consideration of the expert's report and all testimony taken subsequently, there was judgment for plaintiff in the sum of $1,379.81, with maintenance of the writ of attachment, which had been issued. Defendant has appealed, and plaintiff, answering the appeal, prays for amendment of the judgment so as to increase same to the amount originally prayed for.

Defendant answers by admitting the contract above noted, and by averring that plaintiff's employment thereunder was terminated on October 15, 1921, by plaintiff's voluntary resignation, which was submitted in writing and accepted as of that date. It denies, in effect, all other allegations of the petition, and reconvenes, praying for judgment against plaintiff in the sum of $136.95, as per statement of account annexed to and made part of its demand in reconvention.

The judgment of the court *a qua* takes no cognizance whatever of the reconventional demand, nor has this demand been urged in any manner by appellant before this court. This case has been submitted without argument, and we note, in appellant's brief, a prayer for reversal or, in the alternative, a reduction of the judgment appealed from. It is urged that the judgment for $1,379.81 be reduced by two items, to-wit: for commissions, amounting to $727.86, and for certain automobile expenses, amounting to $426.00 or a total of $1,189.86. This reduction, if granted, would

result in an affirmance of the judgment to an extent of $189.59.

A careful examination of the expert's report, and of the voluminous testimony and exhibits constituting the record, leads us to the conclusion that the judgment should be amended in the following respect:

The written approval given by the president of the defendant company and which was admittedly "O. K'd" my him, regarding commissions due plaintiff under previous contract for the year 1920, is conclusively against defendant's contention that plaintiff's commission under said contract had never been verbally increased from a basis of one per cent to that of two per cent. The item representing these particular commissions and amounting to $727.86, should not therefore be deducted from the amount of the judgment.

As to the other item concerning automobile charges by plaintiff for disbursements which he claims were to be allowed him over and above the $1,000.00 referred to in the 1921 contract—we are of the opinion that this item should be deducted from the amount of the judgment to the extent of $452.00. The plain language of the written contract dated January 10, 1921, as well as plaintiff's conduct in omitting, without protest, the item for automobile expenses in his weekly expense account after his attention was called to previous similar charges which he had improperly made, convinces us that he well understood that all expenses of this nature were to be included in the One Thousand Dollar limitation placed upon his expenses for 1921.

There is no merit to plaintiff's contention that his commission of five per cent on $6,679.22, or the sum of $339.96, should be added to the amount of the judgment. He testifies, in part, as follows:

"The employment with the Typhoon Fan Company had become objectionable to me for many reasons, and I was only too glad to leave their service, and did so freely and agreeably, and did everything in my power to get an amicable settlement from them of what was due me."

His letter of resignation reads as follows:

"October 5, 1921.
"Mr. Ernest Glantzberg, President,
"Typhoon Fan Company,
"New York City.
"Dear Sir:

"As I do not feel that I can be of any effective service to your Company under present conditions, I hereby beg to tender my resignation, effective October 15.

"Kindly acknowledge receipt of this letter promptly, so that I may feel free to accept other employment.

"I shall, of course, expect a full settlement of all moneys due me as of that date.
"Yours very truly,
"J. P. Glynn."

In the light of such evidence, the trial judge was undoubtedly justified in disallowing this item for commissions claimed "on money collected on contracts closed", after plaintiff's services had ceased.

We conclude from the evidence above noted, that the judgment should be amended.

It is therefore ordered that the judgment appealed from be amended by reducing the amount thereof from One Thousand Three Hundred Seventy-nine Dollars and Eighty-one cents ($1,379.81) to Nine Hundred Twenty-seven Dollars and Eighty-one cents ($927.81), and as thus amended, let the judgment be affirmed. Cost of appeal to be borne by appellee.

Judgment amended and, as amended, affirmed.